IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL LATTANZO, | ) |
| | ) No. 2:23-cv-407-RJC |
| Plaintiff, | ) |
| | ) |
| v. | ) Judge Robert J. Colville |
| | ) |
| DUNBAR TOWNSHIP and NORTH FAYETTE WATER AUTHORITY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM OPINION**

Robert J. Colville, United States District Judge

Before the Court is a Motion to Dismiss (ECF No. 26) filed by Defendant, North Fayette Water Authority ("NFWA"), and a Motion to Join the Motion to Dismiss (ECF No. 28) filed by Defendant, Dunbar Township. Defendants seek dismissal, with prejudice, of all claims set forth in Plaintiff, Michael Lattanzo's Amended Complaint (ECF No. 23). The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331 and has supplemental jurisdiction over any state-law claims pursuant to 28 U.S.C. § 1367. Defendants' Motions have been fully briefed and are ripe for disposition.[1]

### I.   Factual Background & Procedural History

#### A.  Procedural History

Plaintiff initiated this action with the filing of his Complaint on March 9, 2023. ECF No. 1. On March 18, 2024, this Court issued its Memorandum Opinion (ECF No. 19) and Order (ECF

---

[1] This case is one of two companion cases filed against Defendants NFWA and Dunbar Township. The second companion case is brought by Plaintiffs, Gail Layman and Joseph Layman, who raise the same allegations as Plaintiff, Michael Lattanzo. *See Layman v. Dunbar Township, et al.*, 2:22-cv-01605 (W.D. Pa. 2022). Defendants NFWA and Dunbar Township also filed identical motions to dismiss in the *Layman* companion case. Therefore, the Court's Memorandum Opinions addressing the motions to dismiss in *Layman* and *Lattanzo* are nearly identical.

No. 20) granting, without prejudice, NFWA's Motion to Dismiss (ECF No. 12) and Dunbar Township's Motion to Join the Motion to Dismiss (ECF No. 14). Plaintiff filed his Amended Complaint (ECF No. 23) on April 15, 2024.

On May 20, 2024, NFWA filed its Motion to Dismiss (ECF No. 26) the Amended Complaint along with its Brief in Support (ECF No. 27). On May 20, 2024, Dunbar Township filed its Motion for Joinder. (ECF No. 28). On June 21, 2024, Plaintiff filed his Brief in Opposition. ECF No. 31. On June 28, 2024, NFWA filed its Reply Brief. ECF No. 32.

### B. Factual Background

In the Amended Complaint, Plaintiff sets forth the following factual allegations relevant to the Court's consideration of the Motions at issue.

Plaintiff is a resident of Dunbar, Pennsylvania. Am. Compl. ¶ 8. Plaintiff alleges that Dunbar Township "holds a contract with [NFWA] and that, under the contract, [NFWA] is required to provide water to [Dunbar] Township's residents including, but not limited to, the Plaintiff, as well as to the fire hydrants in [Dunbar] Township on behalf of [Dunbar] Township." *Id.* at ¶ 12. Plaintiff further alleges that the fire hydrants surrounding Plaintiff's property are owned and maintained by Dunbar Township. *Id.* at ¶ 10, 13. Therefore, Plaintiff alleges, Dunbar Township and NFWA "had a duty to the Plaintiff to provide water to the Plaintiff's property as well as to properly dispense water to and/or service, inspect and maintain the fire hydrants surrounding Plaintiff's property." *Id.* at ¶ 15.

Plaintiff alleges that, "[f]or several years, multiple properties in [Dunbar] Township, including, but not limited to, Plaintiff's property, have had dangerously low water pressure." *Id.* at ¶ 16. Further, Plaintiff alleges that "similarly situated properties" in Dunbar Township do not have low water pressure and "[n]o rational basis exists for this difference in treatment." *Id.* at ¶

2

17-18. Specifically, Plaintiff alleges that "residents of [Dunbar] Township living on streets including, but not limited to, Almond Acres Road; University Drive; Ogelvee Lane; West Crawford; South 16th Street; Broadway Street; and/or Wood Street did not have, and do not have, significantly low water pressure." *Id.* at ¶ 18.

Plaintiff alleges the same is true for fire hydrants in Dunbar Township, stating that multiple fire hydrants in Dunbar Township, including ones near Plaintiff's property, have had dangerously low water pressure for several years. *Id.* at ¶ 19. Similarly, Plaintiff alleges that "similarly situated properties" in Dunbar Township are near fire hydrants that do not have low water pressure and that "[n]o rational basis exists for this difference in treatment." *Id.* at ¶ 20-21. Specifically, Plaintiff alleges that residents living on the streets previously mentioned are near fire hydrants owned and maintained by Dunbar Township and/or NFWA that do not have low water pressure. *Id.* at ¶ 21.

As alleged by Plaintiff, Dunbar Township and NFWA "had actual knowledge" of the low water pressure at the properties and fire hydrants, including Plaintiff's property and the fire hydrants surrounding Plaintiff's property, "through various means including, but not limited to, reports by citizens and required inspections of fire hydrants." *Id.* at ¶ 22, 37. Plaintiff alleges that residents of Dunbar Township have raised concerns about low water pressure at township meetings and that fire fighters have also raised concerns about the low water pressure. *Id.* at ¶ 23-24. Plaintiff contends that the installation of a pump system would have corrected the low water pressure to the properties and fire hydrants and that Dunbar Township and NFWA had knowledge that a pump system would correct these issues. *Id.* at ¶ 25, 38. However, Plaintiff alleges that despite this knowledge, Dunbar Township and NFWA have chosen not to purchase a pump system. *Id.* at ¶ 26, 39.

On March 11, 2021, Plaintiff's property caught on fire. *Id.* at ¶ 27. Plaintiff alleges that, the fire hydrants surrounding Plaintiff's property "failed to distribute water with the adequate amount of water pressure and after approximately two (2) minutes, stopped distributing water all together." *Id.* at ¶ 29. Plaintiff further alleges that, as a direct and proximate cause of the low water pressure, Plaintiff's house was destroyed, property inside Plaintiff's house was destroyed, and several of Plaintiff's pets were killed by the fire. *Id.* at ¶ 34-36. Plaintiff contends that Dunbar Township and NFWA's failure to maintain the fire hydrants and the water pressure "created a reasonably foreseeable risk that a property in [Dunbar] Township, including the Plaintiff's property, could be destroyed by a fire that could have otherwise been controlled with properly working fire hydrants." *Id.* at ¶ 41.

In his two count Amended Complaint, Plaintiff asserts an Equal Protection class of one claim pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment and a negligence claim.

## II.     Legal Standard

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will likely prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Supreme Court of the United States has explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

The United States Court of Appeals for the Third Circuit instructs that "a court reviewing the sufficiency of a complaint must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). The court explained:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

*Connelly*, 809 F.3d at 787. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted).

In addition to reviewing the facts contained in the complaint, a court may consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994).

5

When a document integral to or relied upon in the complaint is included, the court may also consider that document. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

### III.  Discussion

NFWA seeks dismissal of Plaintiff's Equal Protection claim and negligence claim. Dunbar Township seeks to join NFWA's arguments pertaining to the Equal Protection claim only. Mot. to Join. The Court will grant Dunbar Township's Motion to Join and will consider the arguments raised by NFWA as to Plaintiff's Equal Protection claim to be raised on behalf of both Defendants.

#### A.  Equal Protection Class of One Claim

Count I alleges a § 1983 claim under the Fourteenth Amendment Equal Protection Clause. "[A] plaintiff may pursue an equal protection claim under a "class of one" theory by showing that a state actor treated him differently from similarly situated individuals without a rational basis for the different treatment." *Patterson v. Strippoli*, 639 Fed. Appx. 137, 142 (3d Cir. 2016) (citing *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000); *PG Publ'g Co. v. Aichele,* 705 F.3d 91, 114 (3d Cir. 2013)). "Such a plaintiff need not show he was a member of a protected class or that he was treated differently for an impermissible reason, such as race." *Id.* (citing *D'Altilio v. Dover Tp.,* Civil Action No. 1:06-CV-1931, 2007 WL 2845073, at *10 (M.D. Pa. Sept. 26, 2007)).

Defendants argue that Plaintiff has failed to plead a valid class of one claim because the purported similarly situated properties are not alike in all relevant aspects and because Defendants did not lack a rational basis in their decision-making. Br. in Supp. 4, 8.

Here, Plaintiff alleges that similarly situated properties in Dunbar Township do not have low water pressure and are surrounded by fire hydrants that do not have low water pressure. Am.

Compl. ¶¶ 18, 21.  Plaintiff alleges that these similarly situated properties/residents include those located on specific streets, as identified in the Amended Complaint.  *Id.*

Defendants argue that Plaintiff has failed to identify that these similarly situated properties/residents are alike in all relevant aspects to Plaintiff, including:

- Whether the owners of the purported comparable properties requested a water pump to increase water pressure like [Plaintiff] (and whether the request was granted, unlike [Plaintiff], thereby evidencing different treatment)
- Whether the purported comparable properties are at the same relative elevation as [Plaintiff's] neighborhood (elevation contributes to water pressure due to gravity therefore neighborhoods of high elevation experience weaker water pressure than areas of lower elevation)
- The physical distance between the fire hydrants and the purported comparable properties
- The age and design capacity of the fire hydrant near the purported comparable properties (fire hydrant models are designed with different water pressure capacities)

Br. in Supp. 6.  Defendants additionally argue that Plaintiff fails to allege that a comparator property suffered a house fire but not a corresponding loss of property or that a purported comparator had a request for a water pump that was granted by Defendants.  *Id.* at 7.  Defendants argue that without allegations demonstrating the required "extremely high degree of similarity" Plaintiff has failed to plead a valid class of one claim.  *Id.*

Plaintiff argues that he has sufficiently alleged comparators that are alike in all relevant aspects because they have identified comparators that reside within Dunbar Township and rely on fire hydrants owned and maintained by Defendants.  Resp. 5.  Plaintiff argues that he is not required to allege comparators that are identically situated.  *Id.* at 5-6.

The Court finds that Plaintiff has failed to sufficiently plead that similarly situated individuals exist.  As explained by the Third Circuit:

> To be "similarly situated," parties must be "alike in all relevant aspects." *Startzell v. City of Philadelphia,* 533 F.3d 183, 203 (3d Cir.2008) (internal quotation marks omitted). At the motion to dismiss stage, [plaintiff] must allege facts sufficient to

7

> make plausible the existence of such similarly situated parties. *See Ashcroft v. Iqbal,* –––U.S. ––––, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *see also Toussie v. Town Bd. of East Hampton,* 2010 WL 597469, *6 n. 3 (E.D.N.Y. Feb.17, 2010) (viewing *Iqbal* as "requir[ing] sufficient factual allegations to make the conclusion of similarly situated plausible" and noting that pre-*Iqbal* cases not requiring such "are problematic in view of *Iqbal* ").

*Perano v. Township of Tilden*, 423 Fed. App'x 234, 238 (3d Cir. 2011). "In our Circuit, a plaintiff need not show that comparators are *identical* in all relevant aspects but rather that they share pertinent similarities." *Tucker Industrial Liquid Coatings, Inc. v, Borough of East Berlin*, 85 F. Supp. 3d 803, 810 (M.D. Pa. 2015) (internal citations omitted).

While the Court agrees with Plaintiff that he need not allege similarly situated residents that are *identical* to Plaintiff, Plaintiff still must allege that pertinent similarities exist between himself and the alleged similarly situated individuals. Plaintiff has failed to do so here. *See Parker Ave., L.P., v. City of Philadelphia*, 175 F. Supp. 3d 457 (E.D. Pa. 2013), *aff'd*, *Parker Ave., L.P. v. The City of Philadelphia*, 660 Fed. App'x 156 (3d Cir. 2016) (Where the plaintiff challenged ordinances passed by defendant and alleged that defendant failed to authorize a paving ordinance for plaintiff's proposed development. The court dismissed plaintiff's complaint finding that plaintiff had failed to allege how the other neighborhoods were alike such as "similarities of the locations or their surroundings as they relate to such matters as traffic, noise, congestion, density, type of zoning, or size of the residential development." In coming to this conclusion, the court noted that it knew "virtually nothing except the streets involved."); *see also Joey's Auto Repair & Body v. Fayette County*, Civil Action No. 18-87, 2018 WL 3997124 (W.D. Pa. Aug. 21, 2018), *aff'd*, 785 Fed. App'x 46 (3d Cir. 2019) (Finding that plaintiff failed to identify other similarly situated businesses because "allegation[s] that the businesses 'provide service' and are engaged in 'retail activity' is far too generalized." The court additionally found that plaintiffs had failed to plead facts that "the businesses were subject to the same type of zoning, they were engaged in

8

similar types of business, or there is anything these entities have in common . . ."); *see also Harvard v. Cesnalis*, 973 F.3d 190 (3d Cir. 2020) (The plaintiff brought an equal protection claim alleging that he, a black man, was arrested while a similarly situated white man was not arrested. The Third Circuit found that summary judgment was not appropriate because the plaintiff had sufficiently identified a similarly situated individual because both plaintiff and the identified individual were involved in the same incident, engaged in violent behavior with a dangerous weapon, and engaged in conduct that could give rise to similar criminal charges).

Here, Plaintiff's allegations fail to sufficiently allege that any pertinent similarities exist between himself and/or his property and the residents/property residing on Almond Acres Road; University Drive; Ogelvee Lane; West Crawford; South 16th Street; Broadway Street; and/or Wood Street, that do not have low water pressure. The only common characteristics identified by Plaintiff are that these alleged similarly situated individuals reside in Dunbar Township and rely on fire hydrants owned and maintained by Defendants. Resp. 5. Except, these identified commonalities are ones that are shared by every resident in Dunbar Township. Plaintiff has identified no commonalities that would suggest to the Court that these properties are materially similarly situated to Plaintiff outside of the above broad commonalities, which the Court finds are far too generalized. For this reason, Defendants' Motion to Dismiss is granted, with prejudice, and Plaintiff's Equal Protection claim is dismissed.

The Court will not address the remainder of Defendants' arguments concerning the second element of Plaintiff's Equal Protection claim because the Court finds that Plaintiff has failed to establish the first element. Likewise, the Court will not address any arguments concerning Plaintiff's negligence claim. Because the Court has dismissed Plaintiff's Equal Protection claim,

the Court has dismissed all claims over which it has original jurisdiction and will not exercise supplemental jurisdiction over Plaintiff's state law claims.

## IV.     Conclusion

For the reasons discussed above, the Court will grant Dunbar Township's Motion to Join and will grant NFWA's Motion to Dismiss, with prejudice. An appropriate Order of Court follows.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: March 28, 2025

cc: All counsel of record